UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW ALLEN,
    *Plaintiff*,

v.

RAFIK SIDAROS *et al.*,
    *Defendants*.

No. 3:20-cv-1276 (JAM)

## ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED AS TO DEFENDANT KIRK LOWRY PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiff Matthew Allen has filed *pro se* federal civil rights complaint against three defendants including an attorney. Because it appears that there are no plausible grounds for Allen to hold the attorney liable under federal law, I conclude that Allen's federal law claims against the attorney are likely subject to dismissal. But before dismissing the complaint as to the attorney defendant, I will allow Allen an opportunity to file a response to explain why the complaint should not be dismissed as to the attorney defendant.

### BACKGROUND

Allen has filed a federal civil rights complaint pursuant to 42 U.S.C. § 1983 against two doctors (Rafik Sidaros and Victoria Dreisbach) as well as an attorney (Kirk Lowry). Doc. #1. He seeks to hold these three defendants liable for damages stemming from his involuntary commitment to mental health facilities for mental health treatment for approximately eleven months in 2017-18.

As to attorney Lowry, Allen alleges that he was "the attorney assigned to him by the Connecticut Legal Rights Project whose lack of attending to Allen promptly and advocat[ing] for him properly … violate[d] his 6th and 8th Am[]endment rights." *Id.* at 6. He alleges that

"Connecticut Legal Rights Project is a state-supported organization that Kirk Lowry is an attorney at, designed to represent clients such as Mr. Allen when they are at CVH." *Id.* at 10. According to Allen, he "did not talk or meet with" Lowry "until January," and this was "a violation of his 6th Amendment rights to the 'assistance of counsel,'" and that "taking so long to assist and not fighting harder for his release" made Lowry "a party to cruel and unusual punishment." *Id.* at 10.

## DISCUSSION

The Court has authority to review and dismiss a complaint if it is "frivolous or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns with respect to the basis for Allen's complaint against Lowry so that Allen may promptly respond or file an amended complaint that addresses these concerns.

It is well-established that a plaintiff may only maintain a civil rights claim under 42 U.S.C. § 1983 against a defendant who acted under color of state law. A plaintiff may not maintain an action under § 1983 against a private party unless the plaintiff shows that the private

party's actions amounted to action that was undertaken in a state or governmental capacity. *See Fabrikant v. French*, 691 F.3d 193, 206-09 (2d Cir. 2012).

Here, Allen does not allege that attorney Lowry is a government employee. Moreover, even if an attorney represents a client by means of court appointment, a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Taylor v. Windsor Locks Police Dep't*, 71 F. App'x 877, 879 (2d Cir. 2003) (same). It does not appear that the complaint alleges facts that would be sufficient to plausibly conclude that attorney Lowry may be liable to Allen under 42 U.S.C. § 1983.

To the extent that Allen might claim that Lowry engaged in legal malpractice, a claim for legal malpractice arises under state law, not federal law. Although the Court has discretionary authority under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over state law claims, the Court would decline to exercise its discretion in this case to exercise jurisdiction over any state law claims against Lowry in the absence of a plausible federal law claim against Lowery. A plaintiff who wishes to seek relief under state law against an attorney must ordinarily proceed by way of a complaint that is filed in the state courts of Connecticut rather than in a federal court.

## Conclusion

For the reasons stated above, it appears that the complaint against defendant Kirk Lowry is subject to dismissal for failure to allege any plausible grounds for relief under federal law or to allege any state law claim that is subject to the jurisdiction of a federal court. The Court will allow Allen an opportunity to file a response by **January 15, 2021** to explain why this action should not be dismissed as to defendant Lowry or to file by that date an amended complaint that sets forth factual allegations against Lowry that overcome the concerns stated in this ruling.

Alternatively, if Allen agrees in light of this ruling that he may not proceed against defendant Lowery in a federal court, then he may so advise the Court.

It is so ordered.

Dated at New Haven this 30th day of December 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge